Filed 3/28/25  P. v. Dunham CA1/5
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LINDSEY DUNHAM,<br><br>    Defendant and Appellant. | A170566<br><br>(Del Norte County Super. Ct.<br> No. CRF 22-9071) |

**MEMORANDUM OPINION**[1]

Defendant Lindsey Dunham appeals following her plea of guilty to one count of theft by a public officer under Penal Code section 424, subdivision (a).[2]  The trial court found the plea agreement to be in the interests of justice and sentenced her to a stipulated maximum term of two years in state prison.  Dunham's appointed counsel on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and Dunham did not file a supplemental brief.  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

An information charged Dunham with one count of theft by a public

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Penal Code.

officer. (§ 424, subd. (a).) Dunham initially entered a plea of no contest and agreed to a sentence of two years of felony probation and up to 30 days in county jail. In its presentence report, the probation department recommended that the trial court reject the plea because of the nature of the crime and Dunham's deceitful responses during her interview with the probation officer. The report also noted that Dunham was presumptively ineligible for probation pursuant to section 1203, subdivision (e)(7).[3] Accordingly, the court rejected the plea agreement.

Dunham then entered into a new plea agreement in which she pled guilty to theft by a public officer and agreed to a sentence ranging from a grant of probation to a maximum term of two years in state prison. The probation department filed a supplemental report which recommended that the trial court impose the maximum two-year prison term. The report again noted that Dunham was presumptively ineligible for probation pursuant to section 1203, subdivision (e)(7) and that no circumstances existed to overcome this presumption.

At the sentencing hearing, defense counsel stated that he was concerned about Dunham's mental state because she apparently believed that her maximum sentence was only one year under the terms of the plea agreement. Defense counsel asked the trial court to "appoint a doctor to evaluate [Dunham's] mental status pursuant to [section] 1368." The prosecution opposed this request. After speaking with Dunham during a recess, defense counsel retracted his request and stated that he did not

---

[3] As relevant here, section 1203, subdivision (e)(7) states that probation shall not be granted, "[e]xcept in unusual cases in which the interests of justice would best be served if the person is granted probation," to "[a]ny public official . . . who, in the discharge of the duties of public office or employment . . . embezzled public money."

believe that his client met the requirements for an evaluation under section 1368.  However, he asked the court to appoint another attorney to review the plea in light of Dunham's apparent confusion.  The court agreed and appointed a second attorney to determine whether a motion to withdraw the plea was appropriate.

At the continued sentencing hearing, the second attorney stated that she had reviewed the plea agreement and transcript and would not be moving to withdraw the plea.  The trial court instructed that both counsel speak with Dunham about the plea.  After a brief recess, defense counsel confirmed that Dunham understood the second attorney's reasons for not withdrawing the plea and was prepared to move forward with sentencing.  The prosecutor agreed that Dunham was presumptively ineligible for probation but argued that even without the presumption, the court should deny probation based on the applicable criteria identified in California Rules of Court, rule 4.414.[4]  Defense counsel responded that the plea agreement should be "null and void from its inception" if probation was never a possibility.  The prosecutor countered that section 1203, subdivision (e)(7) merely creates a presumption and not "an absolute ban" against probation.

In denying probation, the trial court first analyzed the factors for overcoming the presumption of probation ineligibility under rule 4.413, subdivision (c) and concluded that Dunham did not overcome the presumption.  The court then analyzed whether Dunham would have qualified for probation under rule 4.414's criteria and held that "the unfavorable factors outweigh the favorable and [Dunham] would not be a proper candidate for probation regardless [of] whether she qualified or not."  The court accepted the plea agreement and sentenced Dunham to the

---

[4] Further references to "rules" are to the California Rules of Court.

maximum stipulated term of two years in state prison.  It awarded Dunham one day of custody credit and ordered that she pay a restitution fine of $300.00.  The court then set the matter for a separate restitution hearing.

The *Wende* brief filed by Dunham's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  Dunham was apprised of her right to file a supplemental brief but did not file one. Following *Wende* guidelines, we have conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.


CHOU, J.



We concur.

SIMONS, Acting P. J.
BURNS, J.

(A170566)

4